662 A.2d 21

**COMMONWEALTH of Pennsylvania**

v.

**Kerry MINNICH, Appellant.**

Superior Court of Pennsylvania.

Argued March 29, 1995.

Filed June 13, 1995.

474

Emmanuel H. Dimitriou, Reading, for appellant.

Iva C. Dougherty, Asst. Dist. Atty., Reading, for Com., appellee.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

TAMILIA, Judge.

Appellant, Kerry Minnich, appeals from the judgment of sentence of April 24, 1994 imposing two consecutive terms of imprisonment of fourteen and one-half (14½) months to twenty-nine (29) months. Appellant pled guilty to two counts of homicide by motor vehicle.[1]

The facts agreed to at the guilty plea colloquy [2] establish that on January 31, 1993, appellant was the driver of an automobile containing two passengers. While driving on a two-lane road in rural Berks County, appellant failed to negotiate a turn, crossed the center line and collided with an oncoming car. Appellant's passengers were both killed and the three occupants of the other car were injured. Appellant concedes that he and his passengers had been consuming alcohol.

Appellant's argument, which appears to be one of first impression in this Commonwealth, is that multiple sentences imposed as a result of a single criminal act violate appellant's due process and equal protection rights under the United States and Pennsylvania Constitutions. Specifically, appellant asserts that the imposition of consecutive sentences in instances of multiple deaths bears no rational relationship to a

1. 75 Pa.C.S. § 3732. Appellant does not contest his sentence for careless driving, *id.,* § 3714, and failing to drive on the right side of the roadway, *id.,* § 3301(a).

2. (N.T., 2/10/94, pp. 3–4.)

legitimate state interest and is therefore unconstitutional, where a defendant has no "control or knowledge" of how many individuals he ultimately kills. (Appellant's brief at p. 9.) In support of this proposition, appellant offers a hypothetical example wherein three motorists all "committed the act of homicide by vehicle, one of whom struck another vehicle and killed the operator; the [second] of whom struck another vehicle and killed his passenger, the operator of the other vehicle and a passenger in the other vehicle; and the third of whom hit a mini-bus with fifteen passengers whose gas tank exploded killing all occupants. In the foregoing example, each of the individuals committed exactly the same offense in exactly the same manner. Yet, [under the statute] the first individual would be subject to imprisonment for five years, the second individual for fifteen years, and the third individual for seventy-five years." (Appellant's brief at p. 10.) Believing such a sentencing arrangement unconstitutional, appellant concludes "[s]ince the culpability of the Defendant is identical in each case ... [o]ne is led inexorably to the conclusion that no legitimate state interest is served by the imposition of consecutive sentences." (*Id.* at 11.) We believe that appellant's own example, on its face, undermines his position more effectively than any amount of constitutional analysis.

While the violator might not know specifically the tally of the persons who might be killed by his actions, the Commonwealth has a legitimate interest in assessing punishment in relation to the harm done, even if the result is not specifically within the knowledge of the actor at the commission of the crime. Under appellant's theory, the perpetrator(s) of the bombing of the Federal Building in Oklahoma City would be subject to punishment for the least degree the law would permit for the offense rather than in relation to the incredible carnage and loss of life which actually occurred. A more irrational interpretation of due process and equal protection cannot be contemplated. The federal authorities have issued a count or indictment for each of the persons killed, despite the fact that a single explosion caused the huge number of deaths. There is no equal protection or due process argument which

476

prevents this. For these reasons and others which follow, we affirm the judgment of sentence.

 The equal protection clause mandates that those statutory classifications which do not implicate "fundamental interests" or "suspect classes"[3] bear a rational relationship to a legitimate state interest. *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977). Our Supreme Court has found that article III, section 32 of the Pennsylvania Constitution contains an identical mandate. *Baltimore and Ohio Railroad Co. v. Dept. of Labor and Industry,* 461 Pa. 68, 83, 334 A.2d 636, 643 (1975). We also note that statutes are presumed to be constitutional, *Hughes v. Commonwealth Dept. of Transportation,* 514 Pa. 300, 523 A.2d 747 (1987), and a plaintiff challenging that presumption must demonstrate unconstitutionality by a plain, clear and palpable showing, *Commonwealth v. Irving,* 347 Pa.Super. 349, 500 A.2d 868 (1985).

Initially, the Pennsylvania Supreme Court has held that the legislative purpose in enacting the homicide by vehicle statute was the reduction of highway fatalities. *Commonwealth v. Hicks,* 502 Pa. 344, 466 A.2d 613 (1983). That such purpose is a legitimate exercise of legislative authority is beyond doubt.

 The question then becomes whether punishing violations of the statute, dependent on the number of fatalities, bears a rational relationship to reducing traffic fatalities. Instructive on this issue is *Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984). In *Frisbie,* the appellant challenged, on double jeopardy grounds, the imposition of nine consecutive terms of probation as punishment for a single act of reckless driving, which caused nine injuries. We discern no legal or constitutional basis for treating an equal protection application differently, under the facts of this case, than did the Supreme Court in *Frisbie* under double jeopardy.

Finding that the imposition of consecutive sentences serves two of the general purposes underlying the Crimes Code, namely, that punishment is proportionate with criminal liabili-

3. Appellant herein does not assert either basis of increased scrutiny.

ty [4] and that more serious offenders are punished more severely,[5] the Court concluded:

> [a]n offender whose unlawful act harms or is likely to harm many people is more culpable, and thus deserving of more severe punishment, than an offender whose unlawful act harms only one person. By holding that multiple sentences may be imposed for a single unlawful act, both purposes are served. [*Id.* at 461, 464, 485 A.2d at 1101].

The Supreme Court has thus recognized that the imposition of multiple sentences serves to further the general goals of the criminal law. It is therefore logical to find, as did the trial court, that the imposition of consecutive sentences in the instant case serves to deter future violations of the act, thereby advancing the goal of reducing traffic fatalities. One cannot claim that the Pennsylvania and United States Constitutions require the treatment of a person who commits an act resulting in the death of one person the same as the identical act which results in the death of two or more persons. The loss of different number of lives is clearly entitled to different levels of punishment because the law protects and values each life to the same extent, and establishing punishment to fit the act without consideration of the consequences of the act ignores this essential principle. Thus a person whose act results in more serious consequences than that of another person who commits the same act with less severe consequences is not denied due process or equal protection when the sentence imposed is related to the harm caused. The entire structure of the Sentencing Code and particularly the Sentencing Guidelines takes into account aggravating circumstances, and where sentences may be compounded, provides specific directions for treatment, and where silent, leaves the sentence to the discretion of the trial judge.

Based on the foregoing, we conclude that the imposition of consecutive sentences for multiple fatalities under the homi-

4. 18 Pa.C.S. § 104(3).

5. *Id.,* § 104(5).

cide by vehicle statute is rationally related to the recognized purpose of the statute and therefore is constitutional.

Appellant next challenges the trial court's imposition of sentence in the aggravated range. Since this contention concerns the discretionary aspects of sentencing, the requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), apply. However, appellant has failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal" as required by Rule 2119(f) and *Tuladziecki*. Only where it is determined that a substantial question has been presented as to the appropriateness of the sentence under the Sentencing Code, 42 Pa.C.S. § 9781(b), may this Court review the manner in which the lower court exercised its discretion. *Tuladziecki, supra.* Since the appellant has failed to include a 2119(f) statement and the Commonwealth made proper objection in its brief, we are precluded from addressing the merits of appellant's challenge. *Commonwealth v. Birdseye*, 432 Pa.Super. 167, 637 A.2d 1036 (1994); *Commonwealth v. Miller*, 414 Pa.Super. 56, 606 A.2d 495 (1992), *appeal denied*, 531 Pa. 639, 611 A.2d 711 (1992), *citing Tuladziecki, supra.*

We note additionally that appellant has failed to raise the appearance of a substantial question. The court below placed on the record its reasons for the sentence imposed and "the sentencing judge's decision regarding the aggravation of sentence will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Prestidge*, 372 Pa.Super. 282, 286–287, 539 A.2d 439, 442 (1988). We find no such abuse.

Judgment of sentence affirmed.