J-S81024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN WHETSTONE | |
| Appellant | No. 693 EDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003699-2015

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:            **FILED FEBRUARY 06, 2017**

Edwin Whetstone appeals from the January 19, 2016 judgment of sentence entered in the Montgomery County of Common Pleas following his conviction for retail theft.[1]  We affirm.

On April 21, 2015, Whetstone was arrested for retail theft of a Giant Food Store in the amount of $212.00.  On August 24, 2015, he entered an open guilty plea to one count of retail theft, graded as a third-degree felony.  The standard range as set forth in the Pennsylvania Sentencing Guidelines was 6 to 16 months' incarceration; however, on January 19, 2016, the trial court sentenced Whetstone to 36½ months' to 7 years' incarceration.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

Whetstone filed a motion for modification of sentence, which the trial court denied on February 5, 2016.

On March 3, 2016, Whetstone timely filed a notice of appeal. On appeal, Whetstone argues that the trial court erred in sentencing him to 36½ months to 7 years without placing on the record adequate reasons for departing from the guidelines.

Whetstone challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we may address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Whetstone filed a timely notice of appeal and preserved his claim in a timely post-sentence motion. Whetstone, however, failed to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f).

When the Commonwealth raises an objection to appellant's failure to include the Rule 2119(f) statement, as it did here, we are precluded from addressing the merits of appellant's challenge to the discretionary aspects of sentencing.[2] *See Commonwealth v. Batts*, 125 A.3d 33, 44 n.9 (Pa.Super. 2015), *app. granted*, 135 A.3d 176 (Pa. 2016); *see also Commonwealth v. Minnich*, 662 A.2d 21, 24 (Pa.Super. 1995). Accordingly, Whetstone has waived his claim.

Even if Whetstone had included a Rule 2119(f) statement and we were to find a substantial question,[3] we would conclude that the trial court did not abuse its discretion.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

_____

[2] Where the Commonwealth has not objected, an appellant's failure to include a Rule 2119(f) statement in his or her brief would not be fatal if the presence of a substantial question can be readily ascertained from the brief. *Commonwealth v. Batts*, 125 A.3d 33, 44 n.9 (Pa.Super. 2015), *app. granted*, 135 A.3d 176 (Pa. 2016).

[3] Whetstone's claim that the trial court failed to provide adequate reasons for sentencing him outside the Sentencing Guidelines raises a substantial question. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (holding that assertion that trial court failed to sufficiently state its reasons for imposing sentence outside sentencing guidelines raises substantial question).

support so as to be clearly erroneous." *Id.* "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

Whetstone claims that the trial court failed to state any aggravating factors for sentencing him outside the standard range. He argues that the only reason the trial court provided was Whetstone's prior record, which does not constitute an aggravating factor because it already is considered in the Sentencing Guidelines.

Whetstone's argument is without merit. While a trial court may not consider, as the sole reason for increasing a sentence, factors already included within the Sentencing Guidelines, "[t]rial courts are permitted to use prior conviction history and other factors already included in the guidelines *if[] they are used to supplement other extraneous sentencing information*." **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa.Super. 2006) (emphasis in original) (quoting **Commonwealth v. Simpson**, 829 A.2d 334, 339 (Pa.Super. 2003)).

Here, in fashioning Whetstone's sentence, the trial court considered the protection of the public, Whetstone's rehabilitative needs, and the gravity of the offense. At the sentencing hearing, the trial court stated:

> THE COURT: . . . In the present case, I have considered your age, the information about you that I read

- 4 -

in the Pre-Sentence Investigation ["PSI"]. There has been no disagreement with the facts. They haven't been contested. So I will take it for what it is worth in the PSI. And the facts as to your personal background and circumstances are not in dispute.

After considering these factors, I find that there is an undue risk that during the period of probation or partial confinement, you will commit another crime.

You are in need of correctional treatment that can be provided most effectively by your commitment to an institution. A lesser sentence would depreciate the seriousness of your crime.

I have looked at the standard range of 6 to 16, and I'm going to sentence you above the standard range. And I want to give you the reasons why. Not the least of which is this is your 67th arrest.

You have had every opportunity to try to deal with your drug problem, but you continually, continually commit crime. You are a career criminal.

* * *

You have a drug problem. You have been previously incarcerated on numerous occasions; am I correct?

[WHETSTONE]:     Yes, I have.

THE COURT:     Okay.  I just feel the guideline recommendations are inappropriate. Notwithstanding, you have a long -- horrific, long record of misdemeanors. And I believe there is [sic] some felonies in there; am I correct?

[ADA]:     Several, Your Honor.

THE COURT:     Several felonies. Yes, several is right.

Therefore, this is my basis for going outside of the guidelines.

N.T., 1/19/16, at 9-10, 12-13. Besides considering Whetstone's extensive prior criminal history, the trial court considered the information in

Whetstone's PSI,[4] his continuous drug abuse, and the risk that he would commit another crime.

Thus, because Whetstone's criminal record was not the sole factor in sentencing him outside the Guidelines, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/2017

_____

[4] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).