J-S94007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS BERNAL | |
| Appellant | No. 1129 MDA 2016 |

Appeal from the Judgment of Sentence January 6, 2016
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s): CP-31-CR-0000615-2014

BEFORE:  LAZARUS, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED FEBRUARY 27, 2017**

Luis Bernal appeals from the judgment of sentence imposed in the Court of Common Pleas of Huntingdon County, after a jury found him guilty of three counts of possession with intent to deliver a controlled substance ("PWID"),[1] two counts of corrupt organizations,[2] and one count each of conspiracy,[3] criminal use of a communication facility[4] and dealing in proceeds of unlawful activities.[5]  After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 911(b)(4).

[3] 18 Pa.C.S.A. § 903.

The charges in this matter arose after an eighteen-month investigation conducted by various law enforcement agencies in Huntingdon County. The investigation was initiated when Huntingdon Borough Police received complaints that Bernal and his girlfriend, Jacquita Kiernan, had moved to the area in November 2012 from New York City and were bringing large quantities of heroin into the area for distribution. Agent Mark Sinisi of the Office of Attorney General was the lead investigator. Agent Sinisi, with the assistance of confidential informants, made numerous controlled buys from Bernal's distributors. Ultimately, Bernal was arrested on April 28, 2014. He made two statements to the police. The first, in the hours immediately following his arrest, was brief, lasting only forty-five minutes. The second statement, during which he was represented by counsel, occurred on May 22, 2014, and lasted approximately three hours. The trial court summarized that interview as follows:

> [Bernal] told Agent Sinisi that he and [Kiernan] moved to Huntingdon County from New York City in November, 2012. Ms. Kiernan had family in the area, and the couple stayed with them until moving to the Comfort Inn in Huntingdon. Subsequently they rented a cabin on Snyder's Run Road[.]
>
> Almost immediately, [Bernal] began distributing heroin. He told Agent Sinisi that initially [Kiernan's] cousin was selling two (2) bundles of heroin for him every two (2) to three (3) days. A

(Footnote Continued) ─────────

[4] 18 Pa.C.S.A. § 7512(a).

[5] 18 Pa.C.S.A. § 5111(a)(1).

- 2 -

bundle is ten (10) stamp size bags containing from .01 to .04 grams of heroin. [Bernal] charged the cousin [$125] per bundle. The cost to [Bernal] at that time, he said, was [$70] per bundle.

[Bernal] told Agent Sinisi that he obtained the heroin he sold in New York. Over the course of the eighteen (18) months that he was in business, [Bernal] related that he had several different suppliers in New York. At the beginning he said he was obtaining thirty (30) bundles every two (2) weeks. In January, 2013, and continuing for seven (7) or eight (8) months, a new New York supplier increased his volume to fifty (50) bundles every two (2) weeks. This source, [Bernal] said, was only charging him [$60] a bundle. In Huntingdon at that time a bundle sold for as much as [$300]. Bernal related that his volume gradually increased, and that he obtained as much as ninety (90) bundles every two (2) weeks, and that on his birthday, July 5, 2013, he was able to purchase one hundred (100) bundles. In the months preceding his arrest, [Bernal] told [Agent Sinisi] that he began purchasing raw heroin which he would then cut and package in green, stamp size bags.

. . .

During the course of the second interview, [Bernal] gave Agent Sinisi two (2) estimates of the gross income from his heroin operation. First, he opined that he was taking in [$3,000] every two (2) weeks. Later, he said he was grossing [$5,000] every two (2) weeks. Agent Sinisi [conservatively] estimated that over the course of eighteen (18) months [Bernal] grossed [$180,000].

Trial Court Opinion, 6/28/16, at 4-7.

After a jury trial, Bernal was found guilty of the above crimes on September 11, 2015. On January 5, 2016, the court sentenced him to an aggregate term of 16 to 32 years' imprisonment.[6] The trial court denied Bernal's post-sentence motions. On July 12, 2016, Bernal filed a timely

_____

[6] Bernal was found Recidivism Risk Reduction Incentive (RRRI) eligible. Accordingly, his aggregate minimum sentence was reduced to 160 months.

notice of appeal, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Bernal raises the following issues for our review:

1. Did the trial court commit an error of law in concluding the jury pool was not tainted by allowing [Bernal's] co-defendant to plead guilty without providing a cautionary instruction to the jury or by selecting a new jury?

2. Did the trial court commit an error of law by concluding that trial counsel was required to make a request for a cautionary instruction?

3. Did the trial court commit an error of law by failing to merge charges for sentencing when the Commonwealth consolidated charges over a given period to enhance sentence guidelines?

4. Did the trial court commit an error of law by improperly joining this case with [Bernal's] co-defendant[,] which resulted in prejudice to [Bernal] and reduced the number of peremptory challenges in selection of a jury?

5. Did the trial court commit an error of law by denying [Bernal's] pre-trial motion to suppress his two confessions to law enforcement?

6. Did the trial court commit an error of law by determining that the offense gravity score for each count of [p]ossession with [i]ntent to [d]eliver was a 10 when the evidence presented at sentencing failed to reliably establish [Bernal] possessed between 50 and 100 grams of heroin in the timeframe underlying each count?

Brief of Appellant, at 2-3.

Bernal's first two claims involve the trial court's failure to give the jury a cautionary instruction regarding his co-defendant's guilty plea. When jury selection began, Bernal and Kiernan were slated to be tried together as co-

- 4 -

defendants, and prospective jurors were informed of this fact. However, after the jury was empaneled, but before the commencement of trial, Kiernan entered a guilty plea. Thus, when the jury returned for trial, Bernal was the sole remaining defendant. Bernal asserts that Kiernan's absence caused the jury to improperly infer that "if she pled guilty to some offenses, . . . [Bernal] must have also committed the same offenses." Brief of Appellant, at 9. We conclude that this claim is both waived and meritless.

It is well settled that issues not raised before the trial court cannot be advanced for the first time on appeal. Pa.R.A.P. 302(a). Indeed, issue preservation is foundational to proper appellate review and is grounded upon the principle that a trial court must be given the opportunity to correct its errors as early as possible. **Commonwealth v. Miller**, 80 A.3d 806, 811 (Pa. Super. 2013). Accordingly, in order to preserve a claim on appeal, a party must lodge a timely objection or waive the underlying issue on appeal. **See Commonwealth v. Bryant**, 855 A.2d 726, 740 (Pa. 2004) (failure to lodge a timely objection to complained-of testimony waives any challenge to that testimony); **Commonwealth v. Powell**, 956 A.2d 406, 423 (Pa. 2008) (same as to prosecutorial arguments). If a party fails to request a cautionary instruction contemporaneously with objectionable testimony, he may not complain after trial that such an instruction was warranted. **Commonwealth v. Solano**, 906 A.2d 1180, 1191 (Pa. 2006), citing **Commonwealth v. Carpenter**, 515 A.2d 531 (Pa. 1986).

Here, the following exchange took place just prior to the swearing of the jury panel as trial commenced:

THE COURT: And the other thing is, of course, you'll notice we have only one Defendant and you should not concern yourself about that. I might say to you your work has been made lighter. You're trying only one case, not two.

Any reason why this jury should not be sworn?

[COUNSEL FOR THE COMMONWEALTH]: No, Your Honor.

THE COURT: Mr. Gingerich?

[COUNSEL FOR BERNAL]: None, Your Honor.

(Jury panel was sworn.)

N.T. Trial, 9/8/15, at 7.

Bernal's counsel made no request either to dismiss the jury or for a further cautionary instruction. Although he asserts that counsel was not required to request a cautionary instruction and that the trial court was obliged to issue such a charge *sua sponte*, Bernal overlooks our Supreme Court's decision in **Commonwealth v. Boyer**, 891 A.2d 1265 (Pa. 2005), in which the Court found an identical claim waived for failure to preserve it with a request for a cautionary instruction. Accordingly, Bernal's claim is waived.

Even if it were not waived, Bernal's claim would garner him no relief. Bernal has failed to demonstrate that he was prejudiced by the trial court's actions. First, the jury was completely unaware that Kiernan was absent because she had entered a guilty plea, and she was not called as a witness by either party. Second, the trial court did, in fact, instruct the jury not to

- 6 -

concern itself with the reasons for Kiernan's absence. *See* N.T. Trial, 9/8/15, at 7. Accordingly, Bernal is not entitled to relief.

Next, Bernal claims that the trial court erred by failing to merge charges for sentencing where the Commonwealth opted to break up 17 months of continuing conduct into four separate charges, rather than filing a single charge.[7] As a result, Bernal claims that, instead of one charge with an offense gravity score of 11, he ended up with four charges with offense gravity scores of 10, thus exposing him to a significantly longer aggregate sentence. We conclude that this claim is waived.

Rule of Appellate Procedure 2119(a) requires a properly developed argument for each question presented. *Commonwealth v. Veon*, 109 A.3d 754, 774 (Pa. Super. 2015), *appeal granted in part*, 121 A.3d 954 (Pa. 2015), and *vacated sub nom. Commonwealth v. Veon*, 69 MAP 2015 (Pa. Nov. 22, 2016). This requires, among other things, a discussion of and citation to authorities in the appellate brief and the principles for which they are cited. *Id.*; *see also* Pa.R.A.P. 2119(a), (b). Failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1262 (Pa. Super. 2014) (en banc).

_____

[7] Although Bernal frames this as a merger issue in his statement of questions involved, the claim actually implicates the prosecutorial discretion of the Commonwealth to decide how to charge a defendant.

Here, Bernal cites no authority in support of his argument. Accordingly, this claim is waived. Moreover, it is meritless.

> [A] prosecutor has the duty to decide what charges should be brought against a particular offender and then to prosecute the offender according to that law. A prosecutor is vested with considerable discretion in deciding who will or will not be charged and what they will be charged with. The United States Supreme Court . . . has acknowledged that the prosecution enjoys considerable discretion in deciding what charges to bring against a defendant. Selectivity in the enforcement of criminal law is, of course, subject to constitutional constraints. A prosecutor may be influenced by the penalties available upon conviction; however, that fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clauses.

*Commonwealth v. McNeal*, 120 A.3d 313, 326 (Pa. Super. 2015) (citations, brackets and punctuation omitted).

In light of the "vast discretion afforded to prosecutors to decide which charges to file and pursue against a defendant," *id.*, we can discern no abuse of prosecutorial discretion in this case, in which Bernal essentially seeks a "volume discount" for eighteen months of criminal activity. This claim is meritless.

Next, Bernal claims that the trial court erred by joining this case with his co-defendant, Kiernan. Bernal claims he was prejudiced by the joinder because it resulted in his being afforded a reduced number of peremptory challenges during jury selection.[8] This claim is waived for multiple reasons.

_____

[8] Pursuant to Pa.R.Crim.P. 634, each side in a non-capital felony trial is entitled to seven peremptory challenges. Pa.R.Crim.P. 634(A)(2). In trials

*(Footnote Continued Next Page)*

Pursuant to Pa.R.Crim.P. 582(B)(1), the Commonwealth is required to give notice of its intent to join the cases of co-defendants. Once such notice is received, a defendant may seek severance by including a request in his omnibus pretrial motion. **See** Pa.R.Crim.P. 578, comment ("Types of relief appropriate for the omnibus pretrial motions include the following requests: . . . (2) for severance and joinder or consolidation[.]"). Failure to include an issue in a pretrial motion may result in waiver of the claim. **See Commonwealth v. Groff**, 548 A.2d 1237 (Pa. Super. 1988) (failure to raise statute of limitations defense at first available opportunity resulted in waiver of issue). Because Bernal did not preserve his severance claim by filing a pretrial motion for severance, he has waived the issue on appeal.

Moreover, as noted above with respect to Bernal's merger claim, failure to properly develop a claim with citation to authority results in waiver. **Veon**, **supra**. Here, Bernal's argument on the severance issue is less than one page in length and contains no citation to authority in support of his argument. For this additional reason, the claim is waived.

Next, Bernal asserts that the trial court erred by denying his pre-trial motion to suppress his two confessions to law enforcement. Bernal argues

*(Footnote Continued)* ───────────

involving joint defendants, the defendants "shall divide equally among them that number of peremptory challenges that the defendant charged with the highest grade of offense would have received if tried separately." Pa.R.Crim.P. 634(B)(1). The trial court retains the discretion to increase a joint defendant's number of peremptory challenges up to the number he would have received if tried alone. Pa.R.Crim.P. 634(B)(2).

that, at the time he gave his first statement to police, he was too intoxicated to knowingly and intelligently waive his right to counsel. This claim is partially waived and wholly meritless.

Preliminarily, we note that, while the heading of Bernal's argument references his objection to the admission of both his statements to law enforcement, the body of the argument only addresses Bernal's first statement. Accordingly, any claim with regard to his second statement is waived. *See id.*

This Court's well-settled standard of review of a denial of a motion to suppress evidence is as follows:

> [We are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [we are] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Jones*, 121 A.3d 524, 526–27 (Pa. Super. 2015), reargument denied (Sept. 30, 2015), *appeal denied*, 135 A.3d 584 (Pa. 2016) (ellipses and brackets omitted).

Bernal gave his first statement[9] to police on April 29, 2014, shortly after his arrest. Bernal claims that, at the time he gave that statement, he was "drug sick," experiencing opioid withdrawal. Bernal argues that the symptoms of withdrawal he was experiencing at the time were not "readily visible to an observer without asking the person detailed questions." Brief of Appellant, at 16. Bernal claims that, because he informed officers that he had last used heroin approximately four hours earlier, officers should have waited to interrogate him until he was either treated for withdrawal or given a chance to sober up. This claim is meritless.

At the suppression hearing, four officers with experience interacting with "drug sick" individuals – one of whom is a certified EMT – testified that, on the night of his arrest, Bernal neither appeared sick, nor mentioned feeling sick. The trial court found their testimony to be credible. Moreover, Bernal presented no evidence to support his contention, and the suppression court was "satisfied beyond peradventure that the April 29, 2014, statement represented a voluntary act after a knowing waiver of *Miranda* rights." Suppression Court Opinion, 6/24/15, at 10. We can find nothing in the record that would lead us to disturb the court's ruling.

---

[9] We note that Bernal's argument with regard to his first statement barely conforms to the requirements set forth in the appellate rules. Bernal cites but one case and only engages in the most basic analysis. However, we decline to find waiver.

Finally, Bernal claims that the trial court erred in assigning an offense gravity score (OGS) of ten to each count of PWID, when the evidence presented at sentencing failed to established that he possessed between 50 and 100 grams of heroin in the time-frame underlying each count. This claim represents a challenge to the discretionary aspects of Bernal's sentence. *See Commonwealth v. Archer*, 722 A.2d 203, 210-11 (Pa. Super. 1998) (en banc) (claim regarding misapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence).

A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a claim, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Bernal filed a timely post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He also raises a substantial question. *See Archer*, *supra* (improper calculation of OGS

compromises fundamental norms which underlie sentencing process and therefore raises substantial question). However, Bernal has failed to include in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f).[10] The Commonwealth has objected to this omission. Because Bernal has failed to include a Rule 2119(f) statement in his brief and the Commonwealth has made proper objection to the omission, we are precluded from addressing the merits of his challenge to the discretionary aspects of his sentence.[11] *Commonwealth v. Minnich*, 662 A.2d 21, 24 (Pa. Super. 1995), citing *Commonwealth v. Birdseye*, 637 A.2d 1036 (Pa. Super. 1994).

Judgment of sentence affirmed.

_____

[10] The requirement under Rule 2119(f) is as follows:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

[11] Even if Bernal's brief had included an Rule 2119(f) statement, we would still find his claim waived, as his argument on this issue is devoid of citation to authority in support of his claim. *Veon*, *supra*.

RANSOM, J., joins the memorandum.

FITZGERALD, J., concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017