J-S22027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL M. TIBURCIO | |
| Appellant | No. 1553 MDA 2016 |

Appeal from the Judgment of Sentence August 9, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004600-2015

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED SEPTEMBER 19, 2017**

Michael M. Tiburcio appeals from the August 9, 2016 judgment of sentence entered in the Berks County Court of Common Pleas following his jury trial convictions for two counts of possession with intent to deliver a controlled substance ("PWID"), two counts of possession of a controlled substance, and two counts of criminal conspiracy to commit PWID.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  35 P.S. §§ 780-113(a)(30), (a)(16), and 18 Pa.C.S. § 903, respectively.  The trial court determined that Tiburcio was eligible for the Recidivism Risk Reduction Incentive ("RRRI") program and sentenced him to an aggregate term of 6 to 80 years' incarceration, with an RRRI minimum of 4 1/2 years.

On August 11, 2015, police arrested Karla Romig for facilitating drug transactions between Tiburcio's brother, Juan Tiburcio ("Juan"), and Detective Camilla Karns, who was working undercover at the time. N.T., 8/1/16, at 110-11, 205. Sergeant Todd Harris testified that he obtained Romig's consent to use her phone to contact Juan, and that, with Romig's assistance, he set up a meeting. *Id.* at 208-14. Detective Michael Rowe testified that he observed a Toyota Camry arrive at the location of the meeting. *Id.* at 278-79. The arrest team took Juan, who had exited the passenger side of the vehicle, into custody. *Id.* at 214. Tiburcio, who was driving the vehicle, *id.* at 235, was also taken into custody, *id.* at 214. During a pat-down of Tiburcio's person, Detective Rowe recovered "41 small clear plastic packets of crack cocaine, a larger chunk of bulk cocaine, and 1 packet of powder cocaine," as well as $296 in cash. *Id.* at 280, 290-91. Detective Sergeant Pasquale Leporace gave Tiburcio *Miranda*[2] warnings, after which Tiburcio directed the officers to a small change drawer to the left of the steering wheel, which contained 15 packets of heroin. *Id.* at 280-81. A search of the vehicle further revealed a cell phone. *Id.* at 296.

Detective George Taveras testified that while waiting to transport Tiburcio, Tiburcio stated that "he was willing to cooperate with law enforcement" and "that the reason he was doing this was to get by, that

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

times were tough." *Id.* at 301. Tiburcio further stated "that this was a very small amount, that he can do bigger things." *Id.*

Detective Leporace, testifying as an expert in drug trafficking and drug packaging, offered his opinion that Tiburcio possessed the drugs with an intent to deliver. *Id.* at 319-20. Detective Leporace arrived at this conclusion after hearing all the evidence regarding the amount of drugs, the form and packaging of the drugs, the presence of a cellphone, the amount of cash found, and the lack of drug-use paraphernalia. *Id.* at 320-30.

The trial court set forth the procedural history of this case in its opinion, which we adopt and incorporate herein. Memorandum Opinion, 11/29/16, at 1-2 ("1925(a) Op.").

On appeal, Tiburcio raises the following claims:

A. Whether the evidence presented at trial was insufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish that [Tiburcio] made any drug transactions and did not have any drug related conversations, did not possess the drugs related to any transactions, and there was insufficient testimony regarding any conspiracy[.]

B. Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to evidence and shocks one's sense of justice where the Commonwealth's evidence presented at [sic] failed to establish that [Tiburcio] made any drug transactions and did not have any drug related conversations, did not possess the drugs related to any transactions, and there was insufficient testimony regarding any conspiracy[.]

C. Whether the court's sentence was illegal, unconstitutional and cruel and unusual wherein the

> > sentences were run consecutive and were unreasonably excessive[.]

Tiburcio's Br. at 4-5 (full capitalization omitted).

We apply the following standard when reviewing a sufficiency of the evidence claim:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Best*, 120 A.3d 329, 341 (Pa.Super. 2015) (alterations in original) (quoting *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014)).

The trial court addressed Tiburcio's sufficiency claim in its opinion, applied the relevant law, and found there was sufficient evidence to support the convictions. We agree with, and adopt, the trial court's cogent reasoning. *See* 1925(a) Op. at 2-7.

Next, Tiburcio recasts his sufficiency argument as a weight of the evidence claim. This court reviews a weight of the evidence claim for an abuse of discretion. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence[.]" *Id.* (quoting *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000)). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Id.*

The trial court addressed Tiburcio's weight of the evidence claim, applied the relevant law, and concluded that the verdict was not against the weight of the evidence. We agree with, and adopt, the trial court's cogent reasoning. *See* 1925(a) Op. at 7-8.

Finally, Tiburcio challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we may address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary

aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting ***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Tiburcio filed a timely notice of appeal and preserved his claim in a timely post-sentence motion. Tiburcio, however, failed to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f).

When the Commonwealth raises an objection to appellant's failure to include the Rule 2119(f) statement, as it did here, we are precluded from addressing the merits of appellant's challenge to the discretionary aspects of sentencing. ***See Commonwealth v. Griffin***, 149 A.3d 349, 353-54 (Pa.Super. 2016); ***see also Commonwealth v. Minnich***, 662 A.2d 21, 24 (Pa.Super. 1995). Accordingly, Tiburcio has waived his claim.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2017