J-A17018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAHER ABDELDAYEM | : | |
| | : | |
| Appellant | : | No. 2379 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 19, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001199-2011

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 02, 2019**

Appellant, Maher N. Abdeldayem, appeals from the judgment of sentence entered on June 19, 2018, as made final by the denial of a post-sentence motion on July 3, 2018, following his guilty plea to possession of marijuana with intent to deliver ("PWID").[1] We affirm.

The trial court set forth the relevant factual and procedural background of this matter as follows:

> On May 18, 2011, following a traffic stop, [Appellant] was arrested and charged with [PWID], conspiracy to commit PWID, and related possessory drug offenses. The stop was conducted because [Appellant] almost collided with another vehicle. The drug trafficking charges were filed based on what the police observed and discovered during the encounter. Specifically, upon approaching [Appellant's] car, the arresting officer immediately detected an overpowering odor of raw marijuana. In addition, [Appellant] was driving a car, rented by a person who was not present, from New York City to Rochester, [New York], a known

---

[1] 35 P.S. §780-113(a)(30).

drug trafficking route. Further, a search of the vehicle yielded 4.25 pounds of marijuana.

On September 5, 2012, after pretrial motions were denied, [Appellant] entered a counseled guilty plea to PWID, an ungraded felony.

\*\*\*

As part of the plea agreement, the Commonwealth agreed to [*nolle pross*] charges that had been filed against a co-defendant, Shawna Rogers. In accordance with that agreement, the charges against Ms. Rogers were subsequently [*nolle prossed*]. In addition, another co-defendant was permitted to plead guilty to possession of a small amount of marijuana.

In the order accepting [Appellant's] guilty plea, [the court] scheduled sentencing for November 20, 2012, and directed [its] Probation Department to prepare a Pre[-]Sentence Investigation ("PSI") report. The PSI report was completed prior to the date scheduled for sentencing. Counsel for both parties had the opportunity to review the report.

[Appellant] failed to appear for sentencing. Accordingly, a bench warrant was issued. [Appellant] did not turn himself in [to authorities]. Instead, five years later, in December of 2017, [Appellant] was arrested on the bench warrant in New York.

Upon his return to Pennsylvania, a sentencing hearing was scheduled. The hearing was continued at the request of [Appellant].

On February 23, 2018, during the continuance period, [Appellant] filed a motion to withdraw his guilty plea.

\*\*\*

A hearing on the motion was convened on April 26, 2018. The Commonwealth submitted three exhibits, reminded the [c]ourt that it [] [*nolle prossed*] charges against co-defendant Rogers as part of the negotiated plea, referenced the fact that another co-defendant had been permitted to plead guilty to possession of a small amount of marijuana, and presented argument. [Appellant] did not testify. In fact, he did not even assert his general claim of innocence. Similarly, no evidence was presented on [his] behalf. Instead, [Appellant's] attorney attempted to present factual matters, including a conclusory innocence claim

and an assertion that the plea was not voluntary, through argument. At the conclusion of the hearing, [the court] denied [Appellant's] motion [and] summarize[ed its] reasons for [denying Appellant's motion to withdraw] on the record[.]

During the hearing, [Appellant's] attorney raised an issue with respect to how [Appellant's] prior federal conviction for [m]oney [l]aundering [] factored into the calculation of his prior record score. Accordingly, instead of immediately imposing sentence, [the court] re-scheduled sentencing to a future date and directed the parties to submit briefs addressing the prior record score issue.

\*\*\*

[Appellant's sentencing hearing was held on June 19, 2018, during which the court heard arguments regarding the calculation of Appellant's prior record score]. After hearing from the parties, [the court] found that [Appellant's] prior record score was a [four]. In addition, [the court] sentenced [Appellant] to incarceration [for] 17 to 60 months, a sentence in the aggravated range.

Trial Court Opinion, 10/24/18, at 1-6.

Thereafter, Appellant filed a motion for reconsideration of sentence, challenging "both the aggravated range sentence and the calculation of his prior record score." *Id.*; *see also* Motion for Reconsideration of Sentence, 6/29/18, at 1-5. The trial court denied Appellant's motion on July 3, 2018. *See* Trial Court Order, 7/3/18, at 1. This timely appeal followed.

Appellant raises the following issues on appeal:[2]

I. Did the trial court err and abuse its discretion by miscalculating [Appellant's] prior record score and sentencing him as a four when [his] actual score was lower?

_____

[2] We have altered the order of Appellant's issues for clarity and ease of discussion. *See* Appellant's Brief at 5.

- 3 -

II. Did the trial court err and abuse its discretion by sentencing [Appellant] in the aggravated range without appropriate and/or adequate aggravating factors of record?

III. Did the trial court err and abuse its discretion by not allowing [Appellant] to withdraw his plea of guilty where, during the entry of such plea, he was represented by an attorney who [previously] represented a co-defendant and [Appellant] was not made aware of the nature of such conflict, nor did he knowingly waive such conflict?

IV. Did the trial court err and abuse its discretion by not allowing [Appellant] to withdraw his plea of guilty?

Appellant's Brief at 5.

In Appellant's first two issues, he claims that the trial court abused its discretion in the imposition of his sentence. Specifically, Appellant asserts that the trial court miscalculated his prior record score based "exclusively on out-of-state convictions." Appellant's Brief at 11. Similarly, Appellant claims that the trial court erred in sentencing him in the aggravated range without appropriate aggravating factors. *See id*. at 23. Upon review, we conclude that Appellant has waived both claims.

Appellant's issues implicate the discretionary aspects of sentencing. *See Commonwealth v. Shugars*, 895 A.3d 1270, 1275 (Pa. Super. 2006) (explaining that a "trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range"); *Commonwealth v. Keiper*, 887 A.2d 317, 319 (Pa. Super. 2005) (explaining that a "challenge to the calculation of the Sentencing Guidelines raises a question of the

discretionary aspects of a defendant's sentence."); ***Commonwealth v. Sanchez***, 848 A.2d 977, 986 (Pa. Super. 2004) (holding that a miscalculation of the prior record score "constitutes a challenge to the discretionary aspects of [a] sentence.")  We previously determined that:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) **whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f);** and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (internal case citations omitted) (emphasis added).

In this case, Appellant failed to satisfy the procedural prerequisites for appellate review of his challenge to the discretionary aspects of his sentence. Appellant did not include a separate Rule 2119(f) statement in his appellate brief.  ***See*** Pa.R.A.P. 2119 (explaining that, when an appellant "challenges the discretionary aspects of a sentence in a criminal matter," he or she must "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal.")  The Commonwealth made proper objection in its brief and, as such, we are precluded from addressing the merits of Appellant's challenge to the discretionary aspects of sentencing.  ***See***

- 5 -

Commonwealth's Brief at 5; *see also Commonwealth v. Minnich*, 662 A.2d 21, 24 (Pa. Super. 1995).

In Appellant's third issue, he argues that the trial court erroneously denied his motion to withdraw his guilty plea based upon his previous counsel's alleged conflict of interest. *See* Appellant's Brief at 20-22. In particular, Appellant claims that his plea counsel previously represented a co-defendant and he neither knew nor consented to this conflict. *See id.* Importantly, Appellant failed to develop this issue before the trial court. *See* Motion to Withdraw Guilty Plea, 2/23/18, at 1-2.[3] "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, Appellant's claim is waived.

Lastly, Appellant argues that the trial court erroneously denied his motion to withdraw his guilty plea. *See* Appellant's Brief at 16-19. Specifically, Appellant asserts that he is innocent, and therefore, the trial court should have permitted him to withdraw his plea of guilty. *Id.* at 18. This claim fails.

Our review of an order denying a pre-sentence motion to withdraw a guilty plea implicates the following:

---

[3] In Appellant's motion to withdraw, he claimed that "he was mis[led] into taking the plea." Motion to Withdraw Guilty Plea, 2/23/18, at 2. Now, Appellant attempts to argue that this language preserved the issue of his plea counsel's purported conflict for the current appeal. *See* Appellant's Brief at 18. However, Appellant failed to develop this argument before the trial court. Thus, it is waived.

[W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. *Commonwealth v. Gordy,* 73 A.3d 620, 624 (Pa. Super. 2013).

*Commonwealth v. Davis*, 191 A.3d 883, 888-890 (Pa. Super. 2018), *appeal denied*, 200 A.3d 2 (Pa. 2019).

Notably, a claim of innocence may establish a "fair and just reason" for withdrawal of a guilty plea. However, "a mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea." *Carrasquillo*, 115 A.3d at 1290. A "defendant's innocence claim must be at least plausible." *Id.* at 1292. The proper inquiry is "whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.*

In this case, Appellant's bald assertion of innocence does not constitute a fair and just reason to permit withdrawal of his guilty plea. Notably, Appellant never expressed his innocence or presented any evidence thereof. *See* Trial Court Opinion, 10/24/18, at 11. Instead, Appellant relied upon his attorney's assertion that he maintained his innocence by "not acknowledge[ing] responsibility for [PWID]" during an interview conducted for purposes of preparing his PSI report. N.T. Withdrawal of Guilty Plea Hearing, 4/26/18, at 11. This is insufficient.

Furthermore, in this instance, the withdrawal of Appellant's guilty plea would result in substantial prejudice to the Commonwealth. Prejudice, in this context, "requires a showing that, due to events occurring after the plea was entered, the Commonwealth is placed in a worse position than it would have been had trial taken place as scheduled." ***Commonwealth v. Blango***, 150 A.3d 45, 51 (Pa. Super. 2016). For example, substantial prejudice exists if a defendant does not make a withdrawal request for a significant period of time and, during the interim, the Commonwealth enters into agreements with his or her co-defendants. *See **Davis***, 191 A.3d. at 891.

Under the circumstances of this case, permitting the Appellant to withdraw his guilty plea would impose substantial prejudice upon the Commonwealth. It must be noted that Appellant made his initial guilty plea on September 5, 2012. ***See*** Commonwealth's Brief at 10. Appellant, however, failed to appear at sentencing and absconded. ***See id.*** Appellant was not apprehended until December 2017. ***See*** Trial Court Opinion,

10/24/18, at 2. Notably, in reliance on Appellant's guilty plea, the Commonwealth *nolle prossed* charges against one of Appellant's co-defendants and allowed another co-defendant to plead to lesser charges. *See id.* Accordingly, permitting Appellant to withdraw his guilty plea would require the Commonwealth, after honoring its obligation toward Appellant's co-defendants, to "present a seven and one-half year-old case" merely "because [Appellant] decided to run." *Id.* at 10-11. This would "unquestionably" result in substantial prejudice. *Id.* Therefore, the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea based upon his bare assertion of innocence.

In addition, Appellant argues that the trial court erred in denying his motion to withdraw his guilty plea because he did not enter into it knowingly, voluntarily, or intelligently. *See* Appellant's Brief at 18. Essentially, Appellant claims that he was unaware of "the possible range of sentences available to the [c]ourt" due to a later "miscalculation" of his prior record score. *Id.* This claim also fails.

This Court has previously determined:

A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination.

A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had

a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. The entry of a negotiated plea is a strong indicator of the voluntariness of the plea. Moreover, the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Reid*, 117 A.3d 777, 782–783 (Pa. Super. 2015) (internal citations, quotations and original brackets omitted).

In this instance, there is a written colloquy contained in the certified record and the trial court conducted an on-the-record oral colloquy, both of which examined the six required areas of inquiry, identified above. Upon review, we highlight key aspects of Appellant's colloquy that contradict his assertion that he did not have a full understanding of the nature and consequences of his plea and, instead, show that he knowingly and voluntarily decided to plead guilty.

Initially, Appellant reviewed and signed the written colloquy. *See* N.T. Guilty Plea Hearing, 9/5/12, at 5-6. The written colloquy specifically explained that, by entering the plea, Appellant relinquished certain rights, including the right to a trial by jury and his presumption of innocence. *See* Written Guilty Plea Colloquy, 9/5/12, at 1. The court then reiterated the contents of the written colloquy in a group hearing. *See* N.T. Guilty Plea Hearing, 9/5/12, at 1-9. In addition, the court explained it was taking "open pleas" and that only after doing so would it look at the individual plea, as well as the background reports, to "impose a sentence" it believed proper. *Id.* at 3. Thereafter, the

- 10 -

court conducted an individual oral colloquy with Appellant, during which the Commonwealth made a recitation of the nature of the charges and underlying facts of Appellant's case. *See id***.** at 8-9. Finally, the court accepted Appellant's plea and found it to be "voluntarily made." *Id***.** at 9.

Furthermore, the record clearly indicates that Appellant was aware of the maximum sentence for PWID. Unlike Appellant's assertion, this is all that is required. *See Commonwealth v. Fowler*, 893 A.2d 758, 765 (Pa. Super. 2006) (explaining that "there is no legal requirement that a defendant be aware of the guideline ranges in order to enter a valid guilty plea. A defendant must be informed of the statutory maximum.") First, within his written colloquy, it indicated that the potential maximum penalty for PWID is five years in jail and a $15,000.00 fine. *See* Written Guilty Plea Colloquy, 9/5/12, at 1. Second, during Appellant's oral plea colloquy, Appellant indicated that he was aware of the maximum potential penalty. N.T. Guilty Plea Hearing, 9/5/12, at 8. Likewise, when specifically asked by the court if he understood the maximum penalties, Appellant responded in the affirmative. *Id***.** at 9. As such, the trial court correctly denied Appellant's motion to withdraw his plea of guilty as the record belies his contention that it was not made knowingly, voluntarily, or intelligently.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/19