J-S01035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC BORGER, | : | |
| | : | |
| Appellant | : | No. 2629 EDA 2019 |

Appeal from the Judgment of Sentence July 29, 2019
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001757-2018

BEFORE:  BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        Filed: March 18, 2020

Eric Borger (Appellant) appeals from the July 29, 2019 judgment of sentence[1] of an aggregate term of 24 to 60 months of incarceration imposed after he entered a negotiated guilty plea to felony charges of corrupt organizations, possession with intent to deliver a controlled substance (PWID), and sale or transfer of a firearm.  We affirm.

On or about July 26, 2018, Appellant was arrested and charged with numerous offenses relating to his involvement in narcotics trafficking and criminal activities that were investigated by the Commonwealth's Office of the

---

[1] We note that Appellant purported to appeal from the August 1, 2019 order denying his post-sentence motion.  "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions."  **Commonwealth v. Shamberger**, 788 A.2d 408, 410 (Pa. Super. 2001) (citation omitted).  We have corrected the caption accordingly.

* Retired Senior Judge assigned to the Superior Court.

Attorney General (OAG).  On August 30, 2018, Appellant posted bail and was released subject to conditions.  On September 18, 2018, the OAG gave notice of joinder of Appellant's case with five other cases for all purposes, including trial.

On May 8, 2019, the Commonwealth moved to revoke Appellant's bail because he had been charged with criminal mischief on April 10, 2019, relating to Appellant's alleged spray painting of graffiti and obscene words on a residential home.

On May 10, 2019, Appellant entered into a written guilty plea colloquy to one count each of corrupt organizations, PWID, and sale or transfer of a firearm in the instant case.  In return, the Commonwealth agreed to the following: a term of county incarceration with a lengthy probationary tail; concurrent sentences; work release for Appellant; no mandatory sentences; no aggravating circumstances; *nolle pros* all other charges; and a closed plea. Written Guilty Plea Colloquy, 5/10/2019, at ¶ 4.  Appellant agreed to testify against a co-defendant if necessary. ***Id.***  Further, Appellant acknowledged he was aware that his possible total maximum sentence was 27 years of incarceration and a $140,000 fine, that there were no agreements for sentencing except as stated *supra*, and that any agreement for sentencing was not binding on the court. ***Id.*** at ¶¶ 4-5, 8.  Appellant also entered into a separate plea agreement with the Commonwealth, wherein he agreed, *inter alia*, that should Appellant be charged with any offense alleged to have

- 2 -

occurred after the date of the agreement, it will be used against him. Plea Agreement, 5/10/2019, at ¶ 9. The court accepted Appellant's guilty plea, deferred sentencing pending a presentence investigation report, and scheduled a hearing on the Commonwealth's motion to revoke bail. Orders, 5/10/2019. Appellant failed to appear at the bail revocation hearing, and the court issued a bench warrant for Appellant. On June 27, 2019, following a hearing, the court granted the Commonwealth's motion to revoke Appellant's bail, and remanded him to the county correctional facility pending sentencing.

On July 29, 2019, Appellant was sentenced to a term of 24 to 60 months of incarceration on each of his three convictions, to be served concurrently. The court imposed drug and alcohol conditions, credited Appellant with time served, and deemed him RRRI eligible.[2, 3] Appellant timely filed a post-sentence motion seeking reconsideration of his sentence, which the court denied on August 1, 2019. This timely-filed appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 4-6. Specifically, Appellant claims the trial court abused its discretion in failing to calculate properly his offense gravity score,

_____

[2] RRRI is an abbreviation for the Recidivism Risk Reduction Incentive program, 61 Pa.C.S. §§ 4501-4512.

[3] On September 13, 2019, the court entered an amended order to correct a typographical error on the July 29, 2019 sentencing order.

in sentencing him in the aggravated range, in failing to consider that the Commonwealth knew about one of the aggravating factors prior to the plea agreement, and in failing to sentence him pursuant to the plea agreement.

*Id.* at 4-5. We consider his issues mindful of the following.

> When a defendant enters a guilty plea, the defendant waives the right to challenge on appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea. However, the defendant retains the right to challenge the discretionary aspects of his sentence:
>
> > A defendant, who enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, cannot be said to have granted the sentencing court **carte blanche** to impose a discriminatory, vindictive or excessive sentence so long as the legal limits are not exceeded. Obviously, the entry of a guilty plea does not preclude a petition for allowance of appeal of discretionary aspects of a sentence subsequently imposed.
>
> ***Commonwealth v. Dalberto***,[] 648 A.2d 16, 20 ([Pa. Super.] 1994) (emphasis in original; citation omitted).

***Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa. Super. 2017) (citation, internal quotation marks, and some brackets omitted). Therefore, despite his guilty plea, Appellant may challenge the discretionary aspects of his sentence because there was no agreement as to his sentence.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

\* \* \*

When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

**Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074-75 (Pa. Super. 2019) (quoting **Commonwealth v. Antidormi**, 84 A.3d 736, 760-61 (Pa. Super. 2014)). "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." **Commonwealth v. Bowen**, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citations omitted). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion." **Id.**

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed

> from is not appropriate under the Sentencing Code,
> 42 Pa.C.S.[] § 9781(b).

*DiClaudio*, 210 A.3d at 1075 (quoting *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal, preserved his issues in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. *See* Appellant's Brief at 6. Therefore, we now consider whether Appellant has raised a substantial question for our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*DiClaudio*, 210 A.3d at 1075 (citations and quotation marks omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant states only that the trial court abused its discretion in sentencing Appellant to an excessive sentence which was "in the high end of the aggravated range, a total aggregate sentence of twenty-four months to sixty months." Appellant's Brief at 6. This Court has held that a challenge to the imposition of an aggravated range sentence without sufficient reasoning raises a substantial question. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (concluding a claim that "the lower court failed to state on the record adequate reasons for imposing sentences in the aggravated range" raises a substantial

question).  However, in the instant case, Appellant's Rule 2119(f) statement does not contend the court failed to give sufficient reasons for the aggravation of sentence, nor does his statement offer any reason why he believes the aggravated-range sentence is excessive.[4]  Thus, Appellant's allegation that his sentence was improperly imposed in the aggravated range, by itself, does not raise a substantial question.  ***See Commonwealth v. Minnich***, 662 A.2d 21, 24 (Pa. Super. 1995) (noting appellant failed to raise substantial question where trial court placed on the record its reasons for the aggravated-range sentence).

However, even if Appellant had raised a substantial question for our review, we conclude his assertion that the trial court should not have sentenced him in the aggravated range is without merit.

Appellant first argues that the trial court failed to calculate properly his offense gravity score.  Appellant's Brief at 12-14.  According to Appellant, "his prior record score should have been a one" instead of two because a prior 1994 conviction in New Jersey was to have been expunged from his record, but was not.  ***Id.*** at 14.  As the Commonwealth notes, Appellant raises this

_____

[4] To the extent Appellant argues issues outside his Rule 2119(f) statement to support his claim that he has raised a substantial question, they are waived and we do not review them.  As the Commonwealth points out in its brief, if an appellant "'fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim.'"  Commonwealth's Brief at 6 n.1, *quoting* ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012).

issue for the first time on appeal. ***See generally***, N.T., 7/29/2019; Petition for Reconsideration of Sentence, 7/31/2019; Commonwealth's Brief at 3. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, "'issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings.'" ***Commonwealth v. Smith***, 206 A.3d 551, 567 (Pa. Super. 2019), *quoting* ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003). Accordingly, this issue is waived.

Next, Appellant argues that mitigating circumstances outweigh his aggravating factors, and that the trial court failed to consider that the Commonwealth knew about one of the aggravating factors prior to the plea agreement. Appellant's Brief at 15-21. According to Appellant, the three aggravating factors set forth in the presentence investigation report (*i.e.*, failing to report as scheduled for his presentence investigation; testing positive for an illicit drug when he finally did report for his presentence investigation; and being arrested for criminal mischief while on bail), were outweighed by Appellant's "always [doing] extremely well when he was on probation," his "fifteen years without getting into any trouble after his first run-in with the law," his cooperation with the Commonwealth in the prosecution of co-defendants, and his employment history. ***Id.*** at 19-21. Further, although not entirely clear, it appears Appellant argues that because the Commonwealth was aware of Appellant's arrest for criminal mischief while

on bail before it entered into the plea agreement with him, that arrest should not be considered an aggravating factor. *Id.* at 20.

During Appellant's sentencing hearing, the trial court heard from Appellant, who accepted responsibility for his actions; heard argument from Appellant's counsel, who stated Appellant is 56 years old, does well on probation, and had lost both of his parents, all of his siblings except one who is "very ill," his family home, and most of his belongings; and heard argument from the Commonwealth, who highlighted the information in the presentence investigation report, Appellant's criminal history, and his behavior before and after the plea agreement. N.T., 7/29/2019, at 2-6.

The court then stated that it considered the presentence investigation report, which made reference to the aforementioned aggravating factors.[5] At the hearing, the trial court stated the following.

> THE COURT: I do find that there are aggravating circumstances in this case; they are set forth in the presentence investigation report. The fact that the defendant was arrested for subsequent criminal activity while on bail for this offense, the fact that he did fail to report for his presentence interview, and he tested positive [for methamphetamine] at a subsequent meeting on June 27, 2019.

N.T., 7/29/2019, at 10; *see also id.* at 6-8.

---

[5] Additionally, because the sentencing judge had the benefit of a presentence investigation report, we presume that the judge "was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004).

Further, the court considered that "there was some discussion about a possible county-type sentence" for Appellant, but stated that "unfortunately for him, after my review of the presentence investigation report, I am not inclined to impose a county sentence." *Id.* at 7. The court was troubled by the fact that Appellant knew his plea agreement called for a county jail sentence, yet he

> failed to report for his presentence interview; when he did come in, finally, he tested positive for methamphetamine. Again, remember he's out on bail for distributing methamphetamine. And then on top of that, and this one, really, I found disturbing, he was arrested and charged with a felony offense while he was on bail for this offense. So the possibility for a county jail sentence went out the window with that type of conduct.

*Id.* at 7-8. The trial court stated that it further considered the seriousness of the offenses, which are all felonies, and Appellant's criminal history, including a drug-related offense.

The court did acknowledge the mitigating information of Appellant's employment history, commenting to Appellant: "[Y]ou really got yourself involved deep into this. It looks like you were a talented guy. You have a history of working … [as a] lineman, machine operator, building mechanic, HVAC. You have skills. You were able to work. But you just got yourself dug into this situation." *Id.* at 8. Even so, for the reasons cited *supra*, the court concluded that the imposition of an aggravated-range sentence was appropriate.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in weighing all of the relevant factors and provided adequate reasons on the record for sentencing Appellant in the aggravated range.

Finally, Appellant argues that the trial court abused its discretion in not sentencing him pursuant to the terms of the plea agreement. Appellant's Brief at 21-23. However, as discussed *supra*, in his written guilty plea colloquy, Appellant specifically agreed to the following.

> 8. NO SENTENCING AGREEMENT. I acknowledge that there are no agreements for sentencing except as may be set forth in paragraph 4 [relating to prosecution agreements] above. I understand that any agreement for sentencing is not binding on the Court and I have not been guaranteed a specific sentence in exchange for this plea. The Court retains the power to decide my sentence.

Written Guilty Plea and Colloquy, 5/10/2019, at ¶ 8. Thus, this claim is without merit.

Accordingly, we find no reason to conclude that the lower court abused its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/20

- 11 -