452 A.2d 789

COMMONWEALTH of Pennsylvania,

v.

Harold J. BOTTCHENBAUGH, Appellant.

COMMONWEALTH of Pennsylvania

v.

James COLLINS, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 1, 1980.

Filed Nov. 19, 1982.

John P. Koopman, Bristol, for appellants.

Theodore Fritsch, Jr., Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This case involves an appeal from a summary conviction for violation of section 7105 of the Crimes Code, 18 Pa.C.S.A. § 7105, Violation of Pool and Billiard Regulations. Appellants were found guilty by a district justice. They appealed to the Court of Common Pleas of Bucks County for a de novo hearing. Following this hearing, the Honorable Oscar S. Bortner also found appellants guilty of violating the Pool and Billiard regulations and this appeal followed.

A review of the record disloses that appellants failed to file any post-verdict motions. Our recent decision in *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) as well as the comment to Pa.R.Crim.P. 1123 (effective July 1, 1981) make it clear that post-verdict motions must now be filed in cases involving summary convictions. However, because appellants filed their appeal prior to the filing of *Koch* and the effective date of the comment to Rule 1123, we hold that appellants have not waived their right to file post-verdict motions. While the usual remedy applied by this court has been to remand for the filing of post-verdict motions, judicial economy permits us to reach the merits of appellants' argument.

The sole question raised by this appeal concerns whether Pennsylvania Crimes Code Section 7105 is constitutional.[1]

---

1. Failure to notify the Attorney General under Pa.R.A.P. 521(a) that an appellant challenges the constitutionality of a statute has been held to be a waiver of that issue. *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980); *Commonwealth v. Ashford*, 268

We find that this regulation of pool and billiard rooms is constitutional and therefore affirm the decision of the lower court.

Section 7105 provides:

A person is guilty of a summary offense if he, being a licensed keeper, proprietor, owner or superintendent of any public poolroom or billiard room except as otherwise provided in this section for cities of the first class, permits such place to remain open on Sunday or between the hours of one o'clock antemeridian and six o'clock antemeridian of any secular day, or knowingly allows or permits any person under the age of 18 years to be present in any public poolroom or billiard room, or if he, being a licensed keeper, proprietor, owner or superintendent of any public poolroom or billiard room having at least six tables, in a city of the first class, permits such place to remain open on Sunday, except between the hours of one o'clock postmeridian and ten o'clock postmeridian, or knowingly allows or permits any person under the age of 16 years to be present in any such public poolroom or billiard room.

Act of December 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973, 18 Pa.C.S.A. § 7105.

■■■ First, several of appellants' arguments may be disposed of summarily. Appellants were charged with violating section 7105 of the Crimes Code because they operated a pool room after 1 a.m. in a city not of the first class. They were not charged with either "operating on Sunday"[2] or "allowing any person under the age of eighteen to be present in the ·poolroom." While a defendant in any en-

Pa.Super. 225, 407 A.2d 1328 (1979). But in the interest of judicial economy and since the plain language of Rule 521(a) excludes its effect where the Commonwealth is a party, the recent policy of this court has been to dispose of these issues on the merits. *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981); *Commonwealth v. Linder,* 284 Pa.Super. 327, 333 n. 4, 425 A.2d 1126, 1129 n.4 (1981).

2. 4 P.S. § 40.1 suspended those portions of section 7105 which regulated the Sunday hours of pool and billiard rooms prior to *Kroger Co. v. O'Hara Township et al.,* 481 Pa. 101, 392 A.2d 266 (1978).

forcement proceeding generally has standing to assert any claim that challenges the authority to impose its force upon him, he does not have standing to object to the constitutionality of a statute unless he is affected by that particular feature alleged to be in conflict with the constitution. *Commonwealth v. Haldeman,* 288 Pa. 81, 135 A. 651 (1927); *Commonwealth v. Dollar Savings Bank,* 259 Pa. 138, 102 A. 569 (1917); *Mesta Machine Co. v. Dunbar Furnace Co.,* 250 Pa. 472, 95 A. 585 (1915); *Smith v. Yellow Cab Co.,* 87 Pa.Super. 143 (1926), aff'd 288 Pa. 85, 135 A. 858. Cf. *Commonwealth v. Van Emburg,* 467 Pa. 445, 359 A.2d 178 (1976); *Commonwealth v. MacDonald,* 464 Pa. 435, 347 A.2d 290 (1975) cert denied 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Accordingly, we shall not consider appellants' arguments regarding the constitutionality of those portions of section 7105 making it criminal to either "operate the poolroom on Sunday" or "allow any person under the age of eighteen to be present in the poolroom" but shall confine ourselves to that portion of section 7105 which regulates the operating hours of pool and billiard rooms in cities not of the first class which are required to be licensed by the individual municipality.

Appellants also argue that courts have held section 7105 is not applicable in townships which did not require pool and billiard rooms to be licensed. *Commonwealth v. Hamme,* 35 Pa.D. & C.2d 539 (1965); *Commonwealth v. Saloom,* 40 Pa.D. & C.2d 388 (1966). The plain language of section 7105 limits the applicability of the section to only those pool or billiard rooms required to be licensed. But we need not consider this argument since appellants are licensed to operate a poolroom in a township which requires poolrooms to be licensed.

Therefore, the constitutional question involved is whether or not the regulation of pool and billiard rooms operating under section 7105 only in cities other than those of the first class which require pool and billiard rooms to licensed, violates the Equal Protection clauses of either the United

States or Pennsylvania Constitutions or the Due Process Clause of the United States Constitution.

The standard by which we review an asserted violation of the equal protection clause is well established.

Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions..., our decisions presume the constitutionality of the statutory discriminations and require only that *the classification challenged be rationally related to a legitimate state interest* (Emphasis added)

*New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511, 517 (1976) on remand *Dukes v. New Orleans* 537 F.2d 856 (CA 5 1976); *McLaughlin v. Florida,* 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964) on remand *McLaughlin v. State* 172 So.2d 460 (Fla., 1965).

The Equal Protection clause dictates that:

A classification "must be reasonable, not arbitrary, and must rest upon some grounds of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."

*Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147, 155 (1981).

Since the appellants do not contend that their activities in operating a poolroom or billiard room involves either a fundamental right or a suspect classification, their claim of discrimination must be judged by the rational basis test. This inquiry employs a relatively relaxed standard reflecting the judiciary's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520, 525 (1975).

Generally speaking, a legislative classification will not be violative of equal protection if facts may be reasonably conceived to justify the distinction. *Adler v. Montefiore Hospital Association of Western Pennsylvania,* 453 Pa. 60,

311 A.2d 634 (1973), cert. denied 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974). Nevertheless, the presumption of validity is not absolute. *Commonwealth v. Beam,* 227 Pa. Super. 293, 324 A.2d 549 (1974).

The United States Supreme Court recently stated that:

'The Fourteenth Amendment does not prohibit legislation merely because it is special or limited in its application to a particular geographical or political subdivision of the state' . . . Rather the Equal Protection Clause is offended only if the State's classifications 'rests on grounds wholly irrelevant to the achievement of the State's objective' . . .

*Holt Civic Club v. Tuscaloosa,* 439 U.S. 60, 71, 99 S.Ct. 383, 390, 58 L.Ed.2d 292 (1978).

Appellants cite *Kroger Co. v. O'Hara Township, et al.,* 481 Pa. 101, 392 A.2d 266 (1978) to contend that the classifications of section 7105, like the Blue Law classifications of *Kroger,* are unreasonable, arbitrary and lack a fair and substantial relation to a legislative objective because it fails to treat all persons similarly situated alike. We disagree. The facts of *Kroger* are recognizably distinguishable from the present case. *Kroger* involved Sunday Blue Laws and the patchwork regulation of businesses to create a uniform day of rest. The present case involves a legislative grant of power to cities other than those of the first class to regulate the daily operating hours[3] of pool and billiard rooms through the municipalities licensing powers. 53 P.S. § 23107.

Under the "Home Rule Charter and Optional Plans Law", 53 P.S. § 1–101 et seq., the legislative and corporate powers of municipalities and the duties of the officers thereof are determined by classifications based upon population. 53 P.S. § 101. However, Philadelphia is the only municipality in the Commonwealth to qualify as a city of the first class under this scheme. The legislature of this Commonwealth in enacting 53 P.S. § 1–101 et seq. granted cities of the first

---

**3.** Except Sunday, *See* footnote 2, supra.

class broad legislative powers, 53 P.S. § 16254, while limiting lesser municipalities to only those police powers specifically delegated by the legislature. 53 P.S. § 23103 (Cities of the Second Class); 53 P.S. § 36006 (Cities of the Third Class). The power to regulate such amusements had not been specifically granted to municipalities prior to section 7105.

Section 7105 of the Crimes Code permits lesser municipalities to minimally regulate the operating hours of pool and billiard rooms through the licensing power the legislature had previously delegated to them, but also guarantees the operators of pool and billiard rooms the right to operate between 10 a.m. and 1 a.m. daily. 18 Pa.C.S.A. § 7105; 53 P.S. § 23107, 53 P.S. § 37601 et seq.

This legislative delegation of police power is analogous to the legislature's delegation of its police power with regard to the grant of liquor licenses under the Liquor Code. 47 P.S. § 4–472. The distinction of whether the municipality must choose by ordinance or by referendum is not fatal to the analogy. In either case, the legislature has chosen to permit the municipality *itself* to determine whether the activity needs to be regulated. A municipality might not see any need to require pool and billiard rooms to be licensed and thus, pool and billiard rooms could operate during any hours they chose.

█ Section 7105 of the Crimes Code provides the maximum regulation of pool and billiard rooms that a municipality could establish while being consistent with appellants' right to operate a pool and billiard room. We find the legislature's delegation of this police power previously limited to only cities of the first class to be reasonable since it permits all municipalities in this Commonwealth to minimally regulate this activity if the need arises. Thus we hold that section 7105 is not violative of the Equal Protection clauses of either the United States or Pennsylvania Constitutions.

■ Appellants also argue that section 7105 violates the Due Process Clause of the United States Constitution. However, appellants erroneously premise this argument on that portion of section 7105 which closed pool and billiard rooms on Sundays which had been suspended by 4 P.S. § 40.1 prior to *Kroger*. Section 40.1 suspended section 7105 only in so far as it prohibited the operation of pool and billiard rooms on Sundays. We therefore find this argument to be without merit.

For all of the aforementioned reasons, we hold that section 7105 of the Crimes Code is constitutional.

Affirmed.