469 A.2d 248

COMMONWEALTH of Pennsylvania

v.

Patricia COVERT, Appellant.

Superior Court of Pennsylvania.

Submitted May 13, 1983.

Filed Dec. 16, 1983.

Michael J. Malloy, Media, for appellant.

A. Sheldon Kovach, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from appellant's conviction by a jury of operating a lottery and her subsequent sentence of four (4) years probation and $1,000.00 fine.

Appellant asserts that evidence obtained as a result of a search of her residence pursuant to a warrant should have been suppressed. She specifically avers that the affidavit failed to establish probable cause, as it was based upon stale information and the informant's reliability was not sufficiently established.

Four criteria are to be considered by an issuing authority when attempting to determine whether a substantial basis exists for crediting an informant's tip. They are (1) whether the informant has given prior reliable information; (2) whether the informant's story has been corroborated by any other sources; (3) whether the informant's statements are a declaration against penal interest; and, (4) whether the defendant's reputation supports the informant's tip. *See, e.g., Commonwealth v. Prosdocimo,* 308

Pa.Super. 187, 454 A.2d 84 (1982). There is no requirement, however, that each and every criterion be met in order to support a finding of reliability. *See, e.g., Commonwealth v. Mazzochetti,* 299 Pa.Super. 447, 445 A.2d 1214 (1982).

In the matter before us, a gambling informant gave the name, address and telephone number of appellant. He informed the affiant that appellant was writing numbers via the telephone from her home for one Herman Fontaine, and gave particulars regarding the time, day and place of her weekly "settle up" with Fontaine. Furthermore, the informant described appellant's car, which he witnessed her use to carry gambling records, and gave a detailed description of the interior of Fontaine's home. An independent police inquiry confirmed the ownership of the car, carrying the license plate number supplied by the informant, by appellant. A surveillance of appellant's home revealed no unusual traffic in and out of the home, indicating to the affiant that any gambling must be done by telephone. The surveilling officers also observed the aforementioned automobile parked at appellant's address.

In addition to all of the above, the affiant supplied the names, dates and particulars of three specific instances in which the informant's reliable information led to arrest and seizure of evidence in gambling cases. In light of the foregoing, the informant's reliability is clear in that at least two of the four criteria cited above were satisfied, establishing a substantial basis for crediting his information.[1] *Cf., Commonwealth v. Barba,* 314 Pa.Super. 210, 215–16, 460 A.2d 1103, 1106 (1983).

As to appellant's contention that the affidavit was based upon stale information, it too is meritless. A determination of what constitutes staleness of information is to be made on a case by case basis; but, it has been held that properly recited facts indicating activity of a continuous,

1. The totality of the circumstances approach recently validated by the Supreme Court of the United States buttresses our conclusion on this point. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

protracted nature renders the passage of time less significant. *Commonwealth v. Ryan*, 300 Pa.Super. 156, 169, 446 A.2d 277, 284 (1982), citing, *Commonwealth v. Stamps*, 493 Pa. 530, 427 A.2d 141 (1981).

■ According to the affidavit herein, the informant supplied the affiant with the detailed information delineated above on March 19, 1980. The affiant recontacted the informant on April 14, 1980, to determine if the information was still accurate. The informant, thereupon stated that the same routine was in force: appellant was still writing heavily for Fontaine out of her home and "settling up" with him each week, particularly Wednesday, March 26, 1980; Wednesday, April 2, 1980; and, Wednesday, April 9, 1980.

The criminal activity as described by the informant herein followed a consistent pattern over a period of time. It was not unreasonable for the affiant, after having received detailed information, to merely corroborate the continuation of the previously described activity. Furthermore, the informant's specification of three "settle-ups", consistent with the earlier tip, during the intervening three and one-half (3½) weeks revived the information previously given, while confirming the protracted, continuous nature of the gambling activity. *Cf., United States v. Harris*, 403 U.S. 573, 579 n. 2, 91 S.Ct. 2075, 2079 n. 2, 29 L.Ed.2d 723, 731 n. 2 (1971); and, *compare, Commonwealth v. Tolbert*, 492 Pa. 576, 579, 424 A.2d 1342, 1344 (1981). We, therefore, find appellant's averment that the information supplied by the informant was stale to be without merit.

Appellant also attacks the constitutionality of the lottery statute. She first alleges that her equal protection rights were violated by virtue of the fact that the statute creates an invalid classification by exempting the illegal lottery player from criminal liability.[2]

■ The party attacking the constitutional validity of a statute shoulders a heavy burden of proof, as legislative enactments are presumed constitutionally valid. *School*

2. 18 Pa.C.S.A. § 5512(c).

*Districts of Deer Lakes and Allegheny Valley v. Kane,* 463 Pa. 554, 345 A.2d 658 (1975); *Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975). To meet this burden, appellant must show that no rational basis existed to establish a class exempted from the operation of the statute. *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).

■ An application of these standards leads us to conclude that the disparity of treatment as to criminal liability based upon the separate roles of the player, and the operator or promoter of an illegal lottery bears a reasonable relationship to the objective of elimination of this crime. Analogous situations arise as a result of disparate sentencing provisions of both the Controlled Substances, Drug, Device, and Cosmetic Act[3] and the statute providing punishment for prostitution and related offenses.[4] Like these statutes, the dichotomous treatment of the organizer/operator and the lottery player is rationally related to the legislative purpose of eliminating the evils of illegal gambling and maintaining the general welfare of the public. *Cf., Commonwealth v. Finnegan,* 280 Pa.Super. 584, 592, 421 A.2d 1086, 1090–91 (1980).

Appellant also asserts that the selective enforcement of the statute is a violation of her rights to equal protection under the laws and due process. In support of that allegation, appellant argues that the trial court erred in failing to take judicial notice of the fact that many charities operate illegal lotteries without the threat of prosecution. We shall first address the underlying judicial notice allegation.

■ It is axiomatic that judicial notice is intended to avoid the formal introduction of evidence in those situations where the fact to be proven is so well known in the jurisdiction that the introduction of evidence in support thereof is unnecessary. *Sheppard v. Old Heritage Mutual Insurance Company,* 492 Pa. 581, 425 A.2d 304 (1980); *Wells v. Pittsburgh Board of Public Education,* 31 Pa.

3. 35 P.S. 780–113(a)(16), (30).

4. 18 Pa.C.S.A. § 5902.

Cmwlth. 1, 374 A.2d 1009 (1977). In other words, judicial notice should not serve to deny the opposing party the chance to disprove the fact sought to be judicially noticed.

■ Appellant's premise that it is common knowledge that many organizations conduct illegal lotteries without the *threat* of prosecution was insufficiently substantiated to warrant judicial notice. As the trial court aptly stated, her premise went "well beyond a *fact*", requiring that tribunal to not only "find a number of facts, but, also, to reach conclusions of law." Slip Opinion, p. 6, McGovern, J. Furthermore, the Commonwealth vigorously contested appellant's argument, which helped serve to take the matter outside of the ambit of common knowledge.[5] *Cf., Sheppard v. Old Heritage Mutual Insurance Company, supra* 492 Pa. at 593, 425 A.2d at 310. The trial court, therefore, properly refused appellant's request to take judicial notice.

■ Finally, we respond to appellant's allegation of selective prosecution under the lottery statute. In order to prove her claim of denial of equal protection rights and due process, appellant must not only establish discriminatory or selective prosecution, but must also show intentional or purposeful discrimination. *Commonwealth v. Phillips*, 248 Pa.Super. 400, 375 A.2d 158 (1977).

Appellant, however, failed to produce any evidence or present factual argument that the Commonwealth intentionally or purposefully discriminated in lottery prosecutions. The absence of solid, specific evidence regarding this issue results in appellant's failure to establish the necessary elements of selective prosecution. Such failure renders meritless her arguments that her rights to equal protection under the laws and due process were violated. *Cf., Commonwealth v. Finnegan, supra* 280 Pa.Super. at 594, 421

5. Notably, organizations conducting such games for charitable purposes have been subjected to prosecution in the past. Cf., e.g., *Commonwealth v. Wida,* 12 D. & C.3d 1 (1979).

A.2d at 1091, citing, *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944).

Judgment of sentence affirmed.