500 A.2d 868

**COMMONWEALTH of Pennsylvania**

v.

**Clarence William IRVING, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed Nov. 8, 1985.

James P. Gannon, Media, for appellant.

Dennis C. McAndrews, Assistant District Attorney, Wayne, for Commonwealth, appellee.

Before MONTEMURO, ROBERTS and BLOOM, JJ.*

MONTEMURO, Judge:

On January 5, 1984, appellant pled guilty to two counts of aggravated assault. At a pre-trial conference prior to appellant's plea, the Commonwealth gave appellant notice of its intention to proceed according to the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712. Appellant informed the court of his intention to challenge the constitutionality of section 9712 of the Act. Following his guilty plea, appellant was sentenced to concurrent terms of five (5) to ten (10) years imprisonment on each count of aggravated assault and was ordered to pay restitution and costs of prosecution. Appellant's timely filed motion to modify sentence was denied and this appeal followed.

* Judge Louis A. Bloom, Senior Judge, of the Court of Common Pleas, of Delaware County, Pennsylvania, is sitting by designation.

In the court below, the Honorable Clement J. McGovern, Jr., of the Court of Common Pleas of Delaware County, concluded that appellant had not waived his right to challenge section 9712 of the Act by pleading guilty to the aggravated assault charges. The court concluded he had standing to challenge the section, given appellant's early indication of his intention to do so and the Commonwealth's acquiescence thereto. Judge McGovern rejected the arguments that the section violates the separation of powers principle; that it constitutes cruel and unusual punishment; and that it violates equal protection. The court additionally decided, *sua sponte*,[1] and without basing its decision in this case on the issue, that the section denies substantive due process by permitting proof of an element (visible possession) of a crime to be made by a mere preponderance of the evidence.

Appellant first argues the court below erred in concluding that section 9712 of the Act does not unconstitutionally deny a defendant's right to equal protection.[2] We disagree.

■ The equal protection clauses of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Pennsylvania Constitution require the state to afford its citizens equal protection of the laws. The

1. We note here our disapproval of trial court's *sua sponte* consideration of the substantive due process issue. In *Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975) our supreme court stated that *sua sponte* consideration of constitutional issues by this court exceeds our proper appellate function. In several instances the supreme court has applied the reasoning of *Wiegand* to trial courts that have wrongfully considered issues raised *sua sponte.* For our purposes we cite *Commonwealth v. Waters,* 491 Pa. 85, 418 A.2d 312 (1980) as sufficient authority. Although we find the trial court improperly considered the substantive due process issue, we address the issue below as it questions the legality of appellant's sentence.

2. Appellant reasserts his claim that he has standing to attack the validity of section 9712 of the Act because it concerns the legality of his sentence. We note the court below concluded appellant had standing to raise the constitutional challenges and both parties presently agree. We, therefore, will assume appellant has standing to raise his constitutional challenge. Additionally, we note that the separation of powers, and cruel and unusual punishment arguments are not raised on appeal.

Commonwealth is not, however, absolutely restricted from treating different classes of people in different ways, so long as the differential treatment is not based on criteria wholly unrelated to the purpose of the legislative enactment. *In Re Estate of Cavill*, 459 Pa. 411, 415, 329 A.2d 503, 505 (1974) (*citing Eisenstadt v. Baird*, 405 U.S. 438, 446–47, 92 S.Ct. 1029, 1035, 31 L.Ed.2d 349, 358 (1972), *quoting Reed v. Reed*, 404 U.S. 71, 75–76, 92 S.Ct. 251, 253, 30 L.Ed.2d 225, 229 (1971)).

■ When a legislative enactment is challenged on constitutional grounds it is presumed to be constitutionally valid. *Commonwealth v. Covert*, 322 Pa.Super. 192, 196, 469 A.2d 248, 250 (1983). Generally, regarding an equal protection challenge, differential treatment of a class of persons will not be deemed violative of equal protection rights if the differential treatment may be reasonably supported by facts justifying the distinction. *Commonwealth v. Bottchenbaugh*, 306 Pa.Super. 406, 411–12, 452 A.2d 789, 791–92 (1982) (*citing Adler v. Montefiore Hospital Association of Western Pennsylvania*, 453 Pa. 60, 311 A.2d 634 (1973), *cert. denied*, 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974)). Nonetheless, the presumption of constitutional validity is not absolute. *Bottchenbaugh, supra*, 306 Pa.Super. at 412, 452 A.2d at 792.

■ In order to overcome the presumption of constitutional validity, appellant bears the burden of refuting the presumption by a plain, clear, palpable showing that section 9712 of the Act is a denial of equal protection. *James v. Southeastern Pennsylvania Transportation Authority*, 505 Pa. 137, 142–43, 477 A.2d 1302, 1304 (1984). *See also, Milk Control Commission v. Battista*, 413 Pa. 652, 659, 198 A.2d 840, 843 (1964); *Singer v. Sheppard*, 464 Pa. 387, 393, 346 A.2d 897, 900 (1975). Any doubt regarding constitutional validity is to be resolved in favor of sustaining the statute. *Estate of Cox*, 327 Pa.Super. 479, 485, 476 A.2d 367, 371 (1984) (*citing Hayes v. Erie Insurance Exchange*, 493 Pa. 150, 425 A.2d 419 (1981)); *See also, Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978).

 In raising his equal protection challenge, appellant asserts that the test of constitutionality is whether the distinction drawn by section 9712 of the Act is reasonable and has a fair and substantial relationship to the object of the legislation.[3] Appellant argues the object of the legislation is to deter those who would commit certain crimes with firearms. The sentencing guidelines, appellant reasons, have the legitimate object of deterring aggravated assaults, and since the statute in question does not deter aggravated assaults which are not committed with firearms, the legislation fails to accomplish its object of deterrence and thus results in unequal treatment of a defendant.

Under the "rational relationship" test, in order for section 9712 of the Act to pass constitutional muster on equal protection grounds, the classification drawn by the statute " 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the legislation so that all persons similarly circumstanced shall be treated alike.' " *Stottlemyer v. Stottlemyer*, 458 Pa. 503, 513, 329 A.2d 892, 897 (1974) (*quoting Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989, 990–91 (1920)). *See also, Baird, supra; Reed, supra.*

 In *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), while deciding the constitutionality of section

---

**3.** When a statute is constitutionally challenged on equal protection grounds we recognize three levels of review. "Strict scrutiny" is applied when a statute in question affects a "suspect class," or a "fundamental right" or "liberty interest." "Heightened scrutiny" is appropriate when a "quasi-suspect" class is affected. *Estate of Cox*, 327 Pa.Super 479, 486, 476 A.2d 367, 371 (1984). Appellant argues under the "rational relationship" level of review. Explained, *infra*.

While we have fully considered the application of either the "strict scrutiny" or "heightened scrutiny" levels of review, we remain satisfied that the "rational relationship" test is the proper level of review. Section 9712 of the Act does not affect a "suspect class," or a "fundamental right" or "liberty interest" (requiring "strict scrutiny") in a manner different from that of other convicted defendants awaiting sentence. *Commonwealth v. Wright*, 508 Pa. 25, ——, 494 A.2d 354, 361 (1985); *Cox, supra*, 327 Pa.Super. at 485, 476 A.2d at 371. Nor does the section affect a "quasi-suspect" class (requiring "heightened scrutiny"). Thus, the "rational relationship" test is appropriate.

9712 of the Act on other grounds, our supreme court considered the legislature's objectives in passing the statute. The court recognized that the legislature seeks to protect the public from armed criminals, to deter violent crime and illegal use of firearms, and to vindicate its interest in punishing those who commit serious crimes with the visible possession of a firearm. *Wright, supra,* 508 Pa. at ——, 494 A.2d at 362. It remains for us to determine whether these objectives are fairly and substantially met by the provisions of section 9712 of the Act. We believe they are.

Appellant faces a five year minimum sentence for his conviction of aggravated assault and violation of section 9712 of the Act. Because appellant, or any defendant, who is convicted of one of the enumerated crimes and is found to have visibly possessed a firearm during the commission of the crime, faces a five year minimum jail sentence under section 9712 of the Act, the sentence sends a warning to all potential criminals contemplating a crime enumerated in the statute. The sentence places all potential criminals on notice that they will be subject to a five year jail sentence if they are convicted of an enumerated crime, and if visible possession of a firearm is proven. Such notice acts to deter violent crime and illegal use of firearms. *Wright, supra.*

By deterring the commission of violent crime and the illegal use of firearms, section 9712 of the Act protects the public by decreasing the risk of death or serious injury when a member of the public falls victim to an enumerated crime. Furthermore, when an enumerated crime does occur, the legislature properly vindicates its interests by punishing the convicted defendant with a stiff penalty. Accordingly, we find that the provisions of section 9712 of the Act fairly and substantially serve the legislature's objectives in passing the statute,[4] and therefore do not deny equal protection in violation of the United States and Pennsylvania Constitutions.

4. See *Commonwealth v. Cooke,* 342 Pa.Super. 58, 69, 492 A.2d 63, 70 (1985).

Appellant further argues that section 9712 of the Act denies a defendant substantive due process by allowing proof of visible possession of a firearm to be made by a preponderance of the evidence, and that he did not waive his right to litigate this issue on appeal by not presenting it to the court below. Although we agree appellant has not waived his right to raise the due process issue on appeal, we do not agree that appellant was denied substantive due process.

■ Because the due process issue challenges the legality of his sentence under section 9712, appellant has not waived his right to raise the issue simply because it was raised for the first time on appeal. *Commonwealth v. Norris*, 498 Pa. 308, 318–19 n. 9, 446 A.2d 246, 251 n. 9 (1982) (*citing Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976)).

■ In *Wright*, our supreme court held that section 9712 of the Act does not unconstitutionally deny substantive due process by requiring proof of visible possession to be made by a preponderance of the evidence. *Wright, supra.* Since the issue has been finally decided in this Commonwealth, we need not consider it further.

Judgment of sentence affirmed.